William RODRIGUEZ, Petitioner

v.

Michael T. MALONEY, Respondent.

No. CIV.A.03–10845–EFH.

United States District Court,
D. Massachusetts.

Jan. 23, 2004.

William Rodriguez, MCI–Cedar Junction, South Walpole, MA, Pro se.

Linda A. Wagner, Attorney General's Office, David M. Lieber, Assistant Attorney General, Boston, MA, for Michael T. Maloney, Defendant.

## MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

The Petitioner William Rodriguez ("Rodriguez") was convicted by a Massachusetts jury of various crimes related to the shooting of Victor Ortega ("Ortega"). On appeal to the Massachusetts Appeals Court, Rodriguez raised three claims, but the convictions were affirmed in all respects. *See Commonwealth v. Rodriguez,* 762 N.E.2d 328, 328, 762 N.E.2d 328 (Mass.App.Ct.2002). Rodriguez appealed two of the three claims to the Supreme Judicial Court ("SJC"); both were denied. *See Commonwealth v. Rodriguez,* 436 Mass. 1105, 768 N.E.2d 1086, 1086 (2002). Rodriguez then filed a pro se petition for habeas corpus in this Court alleging the same two claims he raised in the SJC. The first claim is that the trial court erred in not granting Rodriguez's motion for a finding of not guilty, or, alternatively, his motion for a new trial. The second claim is that the trial court erred in allowing a hispanic juror to be randomly selected as an alternate. For the following reasons, Rodriguez's petition is dismissed.

## I. THE MOTIONS

Under 28 U.S.C. § 2254, "habeas relief is available only if the state court's decision, on any issue it actually decided, was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." *Epsom v. Hall,* 330 F.3d 49, 52 (1st Cir.2003) (citation and quotation marks omitted). The government's initial argument is that the petition must be dismissed because Rodriguez failed to allege a violation of federal law in his habeas petition. The government argues that Rodriguez's habeas petition raises only violations of state law.

The Supreme Court has explained that it is an essential element "of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon *sufficient* proof." *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis added). The government's position in this case is that Rodriguez's habeas petition challenges only the weight, and not the constitutional sufficiency of the evidence against him. The basis for the government's position is that one of the claims in Rodriguez's habeas petition is that the trial court erred in denying his motion for a new trial. Under Massachusetts law, a trial court may award a new trial if the verdict, although supported by legally sufficient evidence, was nevertheless against the weight of the evidence. *See Commonwealth v. Doucette,* 408 Mass. 454, 559 N.E.2d 1225, 1226 (1990). A federal court reviewing a habeas petition is concerned only with the sufficiency of the evidence, not its weight. Indeed, a federal court reviewing a habeas petition must usually accept the evidence in the light most favorable to the government. *See Ortiz v. Dubois,* 19 F.3d 708, 717 (1st Cir.1994). Accordingly, this Court dismisses Rodriguez's claim that the trial court erred by not granting a motion for a new trial because the verdict was against the weight of the evidence.

Rodriguez, however, raises other claims. He explicitly alleges that the trial judge erred in denying his motion for a finding of not guilty because the evidence against him was not legally sufficient. In deciding a motion for a finding of not guilty, a Massachusetts court does not consider "the weight or integrity of the evidence, but instead must assess the legal sufficiency of the evidence by the standard set out in *Commonwealth v. Latimore,* 378

Mass. 671, 393 N.E.2d 370 (1979)." *Commonwealth v. Washington*, 50 Mass.App. Ct. 167, 736 N.E.2d 396, 398 (2000) (quoting *Doucette*, 559 N.E.2d at 1226). *Latimore*, in turn, states that the Massachusetts sufficiency of the evidence standard is "substantially comparable" to the sufficiency of the evidence standard established by the Supreme Court in *Jackson*. 393 N.E.2d at 375. In *Jackson*, the Supreme Court stated, "a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." 443 U.S. at 321, 99 S.Ct. 2781. That is precisely what Rodriguez did in his habeas petition. Therefore, this Court concludes that Rodriguez's petition properly raises a federal sufficiency of the evidence claim.

The government's second line of defense is that even if Rodriguez's petition properly raised a violation of federal law, he failed to exhaust the claim in state court. However, a federal claim is considered exhausted when a petition asserts "a state law claim that is functionally identical to a federal claim." *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir.1994); *see also Nadworny v. Fair*, 872 F.2d 1093, 1099–1100 (1st Cir. 1989). As already explained, Rodriguez's motion seeking a finding of not guilty involved a fundamentally identical standard as a federal Due Process claim. Rodriguez's sufficiency of the evidence claim is deemed exhausted and this Court proceeds to the merits.

A federal court reviewing a sufficiency of the evidence claim must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original).

"This standard must be applied with specific reference to the elements of the offense as defined by state law." *Ortiz*, 19 F.3d at 717 (citation and quotation marks omitted). Rodriguez was convicted of armed assault with intent to murder, Mass.Gen.L. ch. 265, § 18(b), assault and battery with a dangerous weapon, Mass. Gen.L. ch. 265, § 15A(b), and carrying a firearm without a license, Mass.Gen.L. ch. 269, § 10(a). The crimes were in relation to an incident that involved the shooting of Ortega in the head at point blank range. Ortega had been spending time with a young woman who had at one point dated Rodriguez's brother. At trial, Ortega testified that Rodriguez was the shooter. Rodriguez's defense was that his brother did the shooting.

■ After reviewing the elements of the relevant crimes, it is clear that Ortega's in-court identification of Rodriguez as the shooter is sufficient to support the convictions. The Supreme Court has stated that eyewitness testimony is sufficient to satisfy due process, even if that testimony is contradicted or impeached. *See Tibbs v. Florida*, 457 U.S. 31, 45 n. 21, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Therefore, the SJC's denial of Rodriguez's appeal was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. *See Allison v. Ficco*, 284 F.Supp.2d 182, 193 (D.Mass.2003) (stating that "eyewitness evidence alone was sufficient to establish" guilt for purposes of habeas review). Rodriguez's sufficiency of the evidence claim is dismissed.

## II. *THE HISPANIC JUROR*

■ Rodriguez's final claim is that his Sixth Amendment rights were violated when a hispanic juror was randomly selected as an alternate at the close of evidence pursuant to Massachusetts statutory law. *See* Mass.Gen.L. ch. 234 § 26B. There is no allegation that the selection

process failed to conform with the requirements of the statute. Rodriguez simply claims that the trial judge should have taken measures to prevent the hispanic juror from being selected as an alternate. The Supreme Court has stated that "[d]efendants are not entitled to a jury of any particular composition." *Holland v. Illinois,* 493 U.S. 474, 483, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990) (quoting *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)). Federal law requires that only the jury pool be reasonably representative of the community; individual juries need not. *See United States v. Royal,* 174 F.3d 1, 6 (1st Cir.1999). Rodriguez's petition does not allege any improprieties with regard to the pool used to select the jury in this case. The petitioner's Sixth Amendment claim is dismissed.

SO ORDERED.